NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

———————————————————————
                                          :
JAMES HARRIS,                             :
                                          :  Civil Action No. 14-6590 (RMB)
           Petitioner,                    :
                                          :
      v.                                  :
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
           Respondent.                    :
———————————————————————:———————
                                          :
JAMES HARRIS,                             :
                                          :  Civil Action No. 14-7305 (RMB)
           Petitioner,                    :
                                          :
      v.                                  :
                                          :
UNITED STATES OF AMERICA,                 :
                                          :  **MEMORANDUM OPINION AND ORDER**
           Respondent.                    :     **APPLIES TO BOTH ACTIONS**
———————————————————————:———————


**BUMB**, District Judge:

        These two matters are before the Court upon Petitioner's
filing of his § 2255 motion in Harris v. United States ("Harris-
II"), Civil Action No. 14-7305.  See Harris-II, Docket Entry No.
1.  The pleading that gave rise to Harris-II was executed on
November 19, 2014.  See id. at 12.  However, Petitioner had
already commenced another Section 2255 matter.  See Harris v.
United States ("Harris-I"), Civil Action No. 14-6590, Docket
Entry No. 1.  There, he filed a letter, dated October 16, 2014,
stating that his mother was "attempting to obtain a 2255 motion

form" and asking this Court to "allow [his] letter . . . to stop any time limitations that may bar [Petitioner] from filing any 2255 petition." Id. (capitalization removed). Petitioner claimed "excusable neglect" which, in turn, he based on an unspecified "Government interference." Id. (capitalization removed).

This Court examined Petitioner's underlying criminal matter, as well as his appellate record, and determined that Petitioner's one-year period was still running and would not expire until March 3, 2015. See Harris-I, Docket Entry No. 3. In addition, this Court explained to Petitioner that his claim of "Government interference" was insufficient to extend Petitioner's period of limitations, and Petitioner's allegations of "excusable neglect" were not cognizable in federal habeas review. See id. Finally, this Court pointed out that it had subject matter jurisdiction only over Petitioner's § 2255 challenges, not over his letter promising to state such challenges. See id. With that, the Court directed the Clerk to serve Petitioner with the District's current § 2255 form. See id. The Court's order to that effect was entered on November 21, 2014, and the Clerk duly served that order and the District's current § 2255 form upon Petitioner. See id., Docket Entries Nos. 4 and 5.

However, two days prior to the entry of the aforesaid order and the Clerk's service of the District's current § 2255 form

2

upon Petitioner, Petitioner obtained an outdated § 2255 motion
form and utilized it to submit his § 2255 motion in Harris-II
challenging his criminal conviction and sentence.[1]  See Harris-
II, Docket Entry No. 2.  That outdated motion form arrived on
November 24, 2014, i.e., already after the Clerk's mailing of
this Court's Order in Harris-I, and raised four grounds, namely:

> GROUND ONE: HOBBS ACT STATUTE DOES NOT REACH
> NON-ECONOMIC NON-COMMERCIAL CONDUCT UNDER COMMERCE
> CLAUSE THAT TS PT}R1LV INTRASTATE.  THE TRIAL COURT
> ERRED BY ALLOWING FICTITIOUS STASH HOUSE DRUG STINGS TO
> BE CLASSIFIED AS 18 U.S.C. 1951(a) HOBBS ACT ROBBERY
> AFFECTING INTERSTATE OR INTRASTATE COMMERCE.
>
> GROUND TWO: GOVERNMENT'S INTERPRETATION AND APPLICATION
> OF HOBBS ACT UNDER 18 U.S.C. 1951(a) IS INVALID DUE TO
> BROAD EXPANSION OF STATUTE.  THE BROAD EXPANSION OF THE
> STATUTE 18 U.S.C. 1951(a) HOBBS ACT TO CHARGE A ROBBERY
> OF FICTITIOUS DRUG STASH HOUSE AND DRUG DEALER'S EXCEED

---

[1]

In January 2012, a grand jury returned a superseding
indictment charging [Petitioner] (also known as
"Gunplay" and "Smalls") and three others 1 with
conspiracy to commit Hobbs Act robbery in violation of
18 U.S.C. § 1951(a) and conspiracy to distribute and
possess with intent to distribute five kilograms or
more of cocaine in violation of 21 U.S.C. §§ 841(a)(1),
841(b)(1)(A), and 846.  The charges arose from
[Petitioner's] involvement in a plan to rob a cocaine
stash house, which — unbeknownst to Harris and his
co-conspirators — was devised by special agents of the
Bureau of Alcohol, Tobacco, Firearms and Explosives
("ATF").  . . .  Following a six-day jury trial,
[Petitioner] was convicted of both conspiracy counts.
. . .  [This C]ourt imposed a within-Guidelines
sentence of 211 months of imprisonment on each  count,
to be served concurrently, plus a five-year term of
supervised release and a $200 special assessment.

United States v. Harris, 548 F. App'x 807, 808-11 (3d Cir.
N.J. 2013).

3

THE CONSTITUTIONAL LIMITS EXPRESSED BY CONGRESS UPON
THE STATUTES ENACTMENT.  THE COURT AND GOVERNMENT
THEREFORE LACK ANY JURISDICTION OVER STATE ROBBERY
CONDUCT.

GROUND THREE: COUNSEL WAS INEFFECTIVE WHEN FAILING TO
ARGUE THAT THAT [sic] DRUG STASH HOUSE STINGS WERE
SELECTIVE PROSECUTION AND ENFORCEME[NT.]  PETITIONER
SUBMITS THAT FICTITIOUS DRUG STASH HOUSE STINGS WERE
DONE IN A RACIALLY DISCRIMINATORY MANNER AND THAT SUCH
LEGAL FACT WAS KNOWN TO COUNSEL AT THE TIME BECAUSE
NUMEROUS CASE'S WERE FILED IN FEDERAL DISTRICT COURTS
THROUGHOUT THE UNITED STATES WITH DOCUMENTATION SHOWING
THAT MINORITIES WERE BEING RACIALLY TARGETED.

GROUND FOUR: TRIAL COURT NEVER ESTABLISHED JURISDICTION
TO TRY PETITIONER UNDER 18 U.S.C. 1951(a) HOBBS ACT DUE
TO PETITIONER'S CONDUCT NOT 'AFFECTING INTERSTATE
COMMERCE.' THE TRIAL COURT ERRED BY FAILING TO
ESTABLISH WHETHER IT HAD JURISDICTION OVER STATE
ROBBERY CONSPIRACY WHOSE FACTUAL CONDUCT AND LEGAL
ELEMENTS DID NOT ESTABLISH THAT SUCH ACTIONS VIOLATED
ANY FEDERAL OFFENSE LISTED IN THE UNITED STATES CODE,
DUE TO THE FAILURE OF THE ACTIONS OR INACTIONS OF THE
PETITIONER TO "AFFECT AN INTERSTATE COMMERCE" WHICH IS
THE 'JURISDICTIONAL ELEMENT.'

Harris-II, Docket Entry No. 1, at 4-8.

Thus, Petitioner's Grounds One and Four are substantively
indistinguishable paraphrasings on the very same claim (i.e.,
that this Court was without federal jurisdiction to preside over
his prosecution because underlying conspiracies occurred in New
Jersey), his Ground Two asserts that he should not have been
convicted because the cocaine stash house was set up by ATF
special agents, and his Ground Three maintains that his counsel
had to be ineffective because counsel elected not to claim that
Petitioner had to be racially targeted in light of the number of

federal criminal proceedings conducted nation-wide against the offenders who are not Caucasian.  See id.

Petitioner's challenges are unaccompanied by his averment that he was aware of his § 2255 rights.  Since the current § 2255 form was already mailed to Petitioner but was not utilized, and since he already stated his challenges utilizing the outdated form, the Court takes this opportunity to inform Petitioner that all § 2255 movants must file "a single petition raising *all* claims for relief," United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) (emphasis supplied), and – unless Petitioner marshals all his claims in a single filing – he would lose his ability to file a second or successive petition absent certification by the Court of Appeals.  See id. at 646. Correspondingly, Petitioner will be allowed to litigate his Harris-I matter upon filing a written statement either verifying that Petitioner's submission made in Harris-II contains *all* his § 2255 claims (or stating all his additional § 2255 claims that he wishes to raise, together with the factual predicate in support of each such additional claim).

IT IS, therefore, on this **11th** day of **December 2014**,

**ORDERED** that the Clerk shall administratively terminate Harris v. United States, Civil Action No. 14-7305, as duplicative of Harris v. United States, Civil Action No. 14-6590, by making a new and separate entry on the docket of Harris v. United States,

5

Civil Action No. 14-7305, reading, "CIVIL CASE TERMINATED.  NO
FURTHER FILINGS SHALL BE MADE IN THIS MATTER"; and it is further

ORDERED that the Clerk shall docket Petitioner's motion
(docketed in Harris v. United States, Civil Action No. 14-7305,
as Docket Entry No. 1) in Harris v. United States, Civil Action
No. 14-6590, accompanying such docket entry with the docket text
reading, "PETITIONER's SECTION 2255 MOTION LACKING MILLER
AFFIRMANCE"; and it is further

ORDERED that, within thirty days from the date of entry of
this Memorandum Opinion and Order, Petitioner shall file in his
Harris v. United States, Civil Action No. 14-6590, matter a
written statement either (a) verifying that the four grounds he
raised in his submission made in Harris v. United States, Civil
Action No. 14-7305, present all Petitioner's Section 2255
challenges that he wishes to raise or (b) detailing all his
additional § 2255 claims that he wishes to raise, together with
the factual predicate in support of each such additional claim;
and it is further

ORDERED that, if no such written statement is received by
the Clerk in accordance with the terms of this Memorandum Opinion
and Order, Petitioner's submission made in Harris v. United
States, Civil Action No. 14-7305, would be deemed his all-
inclusive Section 2255 motion without further notice to
Petitioner; and it is finally

6

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**